Citation Nr: 1629294 
Decision Date: 07/22/16 Archive Date: 08/01/16

DOCKET NO. 13-06 452A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for a low back condition. 

2. Entitlement to service connection for a gynecological condition (claimed as cervical/vaginal condition.

3. Entitlement to service connection for an acquired psychiatric disorder, claimed as posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney


ATTORNEY FOR THE BOARD

J. Anderson, Associate Counsel

INTRODUCTION

The Veteran served on active duty from January 1981 to June 1984.

These matters are before the Board of Veterans' Appeals (Board) on appeal from June 2010 and April 2012 rating decisions of the Regional Office (RO) of the Department of Veterans Affairs (VA).

Although the Veteran has specifically claimed service connection for PTSD, VA treatment records also indicate diagnosis of unspecified depressive disorder, anxiety disorder, and mood disorder. Accordingly, her claim has been expanded to include service connection for an acquired psychiatric disorder, to include the above diagnoses, pursuant to Clemons v. Shinseki, 23 Vet. App. 1 (2009).

On her March 2013 substantive appeal, the Veteran requested a videoconference hearing. Subsequently, in an April 2016 correspondence the Veteran's representative withdrew the Veteran's hearing request. 38 C.F.R. § 20.702(e) (2015).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Appellant if further action is required.


REMAND

The Board finds that further development is necessary prior to appellate review.

The record indicates that there may be outstanding service treatment records. Specifically, a November 16, 1983 service treatment record noted that the Veteran had a tendency to be anxious and that an anxiety reaction needed to be ruled out. Nevertheless, her service treatment records do not contain any psychological evaluations. As psychiatric service treatment records may be kept separately from other service treatment records, a request for any psychiatric treatment records should be made through official sources. 

The record also indicates that there are outstanding VA and private treatment records. Specifically, a November 21, 2014 mental health discharge note indicated that the Veteran had follow up appointments scheduled at the Miami VA medical center on December 3, 2014, at the Miami Vet Center on December 11, 2014, and with her private mental health provider, Dr. Samuel on December 2, 2014. Additionally, VA treatment records from September 30, 2003, October 17, 2003, and October 19, 2011 indicate that the Veteran received gynecological treatment and evaluations from an unnamed private hospital and private providers. The record does not contain the aforementioned treatment records. Accordingly, on remand all outstanding VA treatment records, including Vet Center records, must be associated with the claims file and reasonable efforts must be made to obtain all outstanding relevant private treatment records. 

The Veteran was provided gynecological and lumbar spine examinations in May 2010. She was diagnosed with a lumbar strain and adenomyosis and uterine fibroids. The examiner rendered a negative opinion regarding the Veteran's "lumbar pain associated with her adenomyosis" but did not render an opinion regarding her diagnosed lumbar strain. Moreover, subsequent to the examination the Veteran received additional back diagnoses including lumbago with associated radicular symptoms and mechanical low back pain. With regard to the Veteran's adenomyosis and uterine fibroids, the examiner only addressed the Veteran's adenomyosis and did not render an opinion regarding her uterine fibroids. Additionally, the examiner did not address or otherwise acknowledge the Veteran's diagnoses of vaginitis, vulvovaginitis, and follicular cyst of ovary. Accordingly, in light of the above and the likelihood of obtaining additional treatment records on remand, the Veteran should be afforded contemporaneous VA examinations to address the additional back diagnoses and obtain an addendum opinion regarding the Veteran's diagnosed uterine fibroids, vaginal infections, and cyst.

With regard to the Veteran's PTSD claim, VA has not attempted to verify the Veteran's claimed stressors that were reported on her November 26, 2014 VA Form 21-0781a. In this regard, she indicated that she did make a report after moving to her next command and that the incident was investigated. Accordingly, on remand the AOJ should undertake appropriate development through official sources to attempt to verify her claimed stressor(s). 

Additionally, the Veteran has not been provided a VA examination to assess the nature of her diagnosed psychiatric disorders and their relationship, if any, to service. VA treatment records indicate diagnoses of PTSD, depressive disorder, anxiety disorder, and mood disorder. Moreover, a May 6, 1982 service treatment record indicated that the Veteran was treated for facial swelling after being struck on right side of face by another person's hand, which correspondence with the Veteran's report of being physically assaulted by her sergeant on the same date, and a November 16, 1983 treatment record indicated that the Veteran had a tendency to be anxious and that an anxiety reaction should be ruled out. In light of the above, the Board finds that a VA psychiatric examination is warranted. See McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

Accordingly, the case is REMANDED for the following actions:

1. Ask the Veteran to provide the names and addresses of all medical care providers who have treated her claimed disabilities, including Dr. Samuel and private gynecological treatment providers. After securing the necessary releases, request any relevant records identified that are not duplicates of those already contained in the claims file, to include outstanding Miami Vet Center records. In addition, obtain updated VA treatment records. If any requested records cannot be obtained, the Veteran should be notified of such.

2. Request in-service psychiatric treatment records through official sources. If additional information is needed from the Veteran to request such records, the Veteran should be asked to provide it. All efforts to obtain such records should be documented in the claims file. If the requested records do not exist or cannot be obtained, the Veteran should be notified of such. 

3. Undertake any necessary development through official sources to attempt to verify the Veteran's described stressors, to include seeking any formal reports or investigations conducted concerning her claimed assaults (see VA Form 21-0781a received November 2014). If additional information is needed from the Veteran to request such records, the Veteran should be asked to provide it. All actions taken to verify the stressors should be documented in the claims file. 

4. After completing the above development to the extent possible, schedule the Veteran for a VA thoracolumbar spine examination. The claims file should be reviewed by the examiner in conjunction with the examination. Any medically indicated tests should be accomplished and the results reported. The examiner should list all current lumbar spine disabilities diagnosed on examination.

Following review of the claims file and examination of the Veteran, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that any lumbar spine disability diagnosed during examination or during the course of the claim arose during the Veteran's period of active duty or is otherwise related to service, to include her June 1982 fall, her June 1983 motor vehicle accident, and her in-service reports of low back pain. The examiner should explain the medical basis for any conclusion reached.

5. Schedule the Veteran for a VA gynecological examination. The claims file should be reviewed by the examiner in conjunction with the examination. Any medically indicated tests should be accomplished and the results reported. The examiner should clearly list all current gynecological disabilities diagnosed on examination.

Following review of the claims file and examination of the Veteran, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that any gynecological disability diagnosed during examination or during the course of the claim arose during the Veteran's period of active duty or is otherwise related to service, to include her in-service treatment for vaginal infections, sexually transmitted diseases, and the March 1982 attempted intrauterine device insertion. The examiner should explain the medical basis for any conclusion reached.

6. Schedule the Veteran for a VA PTSD examination. The claims file must be made available to the examiner in conjunction with the examination. All indicated tests should be conducted and the results reported. 

Following review of the claims file and examination of the Veteran, the examiner should provide a diagnosis for all psychiatric disabilities found. If the Veteran is diagnosed with PTSD, the examiner should indicate the stressor(s) upon which the diagnosis is based.
 
For psychiatric diagnoses other than PTSD or personality disorders, the examiner should state whether it is at least as likely as not (50 percent probability or more) that the diagnosed acquired psychiatric disorder had its onset in service or is otherwise related to military service. 

In rendering the above request opinions, the examiner should address the January 2016 letter from Dr. S. regarding the Veteran's military sexual trauma and the January 27, 2012 VA treatment record indicating that the Veteran's experiences while in the military were contributing factors to her mood disorder and anxiety disorder. 

A complete rationale should be provided for all opinions and conclusions expressed.

7. After completing the requested actions, and any additional action deemed warranted, the AOJ should readjudicate the claims. If any benefit sought on appeal remains denied, the Veteran and her representative should be furnished a supplemental statement of the case and an opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).